ALEXANDER GRAY, executor, appellant,

v.

ABRAM S. MYRICK, administrator &c., respondent.

Notice of an intention to settle an account " in the term of December ensu-
ing," dated January 2d, 1883, and purporting to have been signed by the
executor, when, in fact, he had died before the notice was signed, is insuffi-
cient to authorize the passing of the account in April, 1883.

Appeal from decree of Middlesex orphans court.

*Mr. C. T. Reed*, for appellant.

*Mr. W. J. Gibby*, for respondent.

THE ORDINARY

The appellant, executor of John Gray, deceased, who was one
of the executors of his father, Alexander Gray, senior, deceased,
filed the account of his testator as such executor in the surro-
gate's office of Middlesex county, February 19th, 1883, and the
account, having been audited and stated by the surrogate, was
reported to the court by the latter for allowance and settlement
March 13th following. On that day the orphans court made an
order of that date, but entitled of December Term, 1882, in
which, after stating that the account had been audited and stated
by the surrogate and placed on the files of his office twenty days
previous to the time of making the order, they adjudged that
notice of the intention of John Gray to settle his account at that
time had been given according to law, and directed that the
account be presented to the court at the next regular term for
allowance, according to the statute, and for final decree thereon.
They afterwards, by decree of April 3d, 1883, allowed the ac-
count in all things as stated. The account purported to be the
account of John Gray, and the notice of settlement purported to

be signed by him.   The latter was dated January 2d, 1883, and gave notice that he intended to exhibit his final account to the orphans court of Middlesex county "in the term of December ensuing," for settlement and allowance.   It was admitted on the hearing that John Gray died before the notice was given, and that the account was, in fact, rendered (and so it appears on its face) by the respondent as his administrator.   It was also admitted that the appellant objected to the allowance of the account by the court, and that one of his objections was the want of sufficient notice.   The notice was clearly insufficient, and it was error in the court to adjudge, under the circumstances, that notice had been given according to law.   Such an adjudication, however, was an indispensable prerequisite to the passing of the account.   *Rev. Orphans Court* § *102*.   Besides, the palpable absurdity of giving the notice in the name of the deceased and signing his name to it, the notice is of intention to exhibit the account at the December Term ensuing the date of the notice; that is, the term of December, 1883, almost a year distant from the date of the notice, while, in fact, the time intended was the term of December, 1882.   Obviously the notice was a nullity. The decree appealed from will be reversed, with costs of the appeal to be paid by the respondent out of his own funds.